In the Matter of JACOB DUBINSKY (Also Known as JACOB JOHN DUBINSKY and JOHN J. DUBINSKY), an Attorney, Respondent.

First Department, November 4, 1938.

*S. C. Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*Morris J. Stein* of counsel [*George Gru*, attorney], for the respondent.

PER CURIAM. The respondent was charged with having induced one D. H. Friedman, of Miami, Fla., on or about February 11, 1936, to cash two checks in the sum of fifty dollars each by exhibiting to him a check book and assuring him that he carried a substantial balance in his account in the bank upon which the checks were drawn, and further representing that he was working on a project approved by the government for increasing deposits in Federal home loan banks. Said representations were false, the respondent's bank account had been closed prior to that time and the checks, when presented, were dishonored for that reason. Subsequent to the investigation of the matter by the petitioner's grievance committee the amount of the checks was repaid to Mr. Friedman.

The respondent conceded the issuance of the aforesaid checks upon a closed account. He denied, however, that he had made any representations, claiming that any such were made by one Cortez, with whom he was associated and who had asked him for a loan and to whom he turned over the entire proceeds of the checks. He further testified that the drawing of the checks on a closed account was due to the fact that he was suffering from a mental impairment at the time; that he left Florida the same evening for New York and subsequently wandered aimlessly about the country until he was committed to Kings Park State Hospital by his brother, where he remained for three months, continuing

to receive treatments from other physicians for about a year thereafter. The only definite proof in the record with respect to the respondent's condition is proof of the fact that he was admitted to Kings Park State Hospital on July 19, 1936, and thereafter received outside treatments for manic depressive psychosis and was certified to be cured on July 30, 1937. There is no proof with respect to his mental condition when the checks were given. There is no corroboration of his testimony that he wandered aimlessly about the country or that he sent a telegram to Cortez through Mr. Friedman in which his whereabouts were disclosed and which fact, he claims, shows that he had no realization of having defrauded Mr. Friedman.

It developed upon the trial before the referee that the respondent had been in the habit of issuing bad checks between 1934 and 1936. He attributed this habit to the same mental impairment, although then unknown to him.

The referee has found that the respondent did in fact make the false representations which induced the issuance of the checks and that his explanation therefor is untruthful. There is sufficient evidence to sustain the finding with respect to the making of the representations by the respondent. The respondent had the burden of establishing his explanation of his acts in the premises. He has failed so to do.

We have before us a man who is certainly not fit to be a member of the bar. He is either dishonest or a mental defective.

The respondent should be disbarred.

Present — MARTIN, P. J., O'MALLEY, GLENNON, UNTERMYER and DORE, JJ.

Respondent disbarred.