In the Matter of ALFONSO BIVONA, an Attorney, Respondent.

First Department, February 7, 1941.

*Einar Chrystie*, for the petitioner.

*Alfonso Bivona*, respondent in person.

PER CURIAM. In August, 1933, the respondent received from Mrs. Rosario DiBlasio the sum of $500 for the purpose of satisfying a mortgage on certain real property which she owned. He withheld the money and failed to satisfy the mortgage. Subsequent to the institution of this proceeding he made restitution to his client.

On July 2, 1934, one Nicolo LoGuidice delivered to the respondent $502.68 to pay an assessment for grading levied by the city upon certain real property of which he was the owner. Of the amount so received, the respondent withheld $368.47.

Mr. LoGuidice also delivered to the respondent on August 13, 1934, the sum of $1,864.75 to be used in making a payment due upon a mortgage upon the aforesaid property. On August 29, 1934, the respondent paid $1,516.47 on account. On January 27, 1935, he paid a further sum of $60 on account. There remained a balance of $350 due and unpaid upon the mortgage. The mortgagee subsequently collected that amount from Mr. LoGuidice.

After the institution of this proceeding the respondent settled the aforesaid claims of his former client.

In January, 1932, the respondent induced one August Bonomolo to lend him $2,000 upon his representation that he would give him a bond and first mortgage upon a certain farm owned by his mother. He delivered to Mr. Bonomolo a bond executed by

himself, his wife and mother, which bond provided for payment of installments of $200 on account of principal upon each interest date and for the payment on January 20, 1934, of the balance then remaining unpaid. He failed, however, to give Mr. Bonomolo any mortgage, notwithstanding repeated requests for same. He also failed to repay any part of the principal as required by the bond, and defaulted in payments of interest. Not being in possession of a mortgage, Mr. Bonomolo was unable to start foreclosure proceedings.

Subsequent to the institution of this proceeding, the respondent gave to Mr. Bonomolo an assignment of a first mortgage of $3,000 upon the aforesaid property, together with a covenant that $2,000 remained due thereon. He had previously obtained an assignment of said mortgage from the mortgagees. This mortgage, as well as the assignment thereof to the respondent, are dated prior to the time when the latter undertook to give Mr. Bonomolo a first mortgage on the property in consideration of a loan of $2,000. The respondent alleges that the property covered by the mortgage consists of an eighty-nine-acre farm worth $12,000. He urges that his delay in delivering the mortgage was unintentional and that it has occasioned no loss to Mr. Bonomolo, who has since foreclosed the mortgage and obtained title to the property. Whatever may be the true reason for the delay in delivering the mortgage, the respondent has failed to explain or excuse that delay.

It further appears that the respondent failed to comply with a decree of the Surrogate's Court of Kings County, dated June 15, 1934, that, as executor of the estate of Arcengela Carella, deceased, he pay to Concetta Carella Biagini the sum of $2,190.88, her distributive share of the estate. Apparently he has sustained his defense to the charge of having converted that amount by proof that he had made loans to Mrs. Biagini in excess of the amount of her distributive share upon the agreement that they should be deducted from said share. He has also obtained a general release from her. Obviously, however, he was delinquent in his duty to appear and explain the situation to the satisfaction of the surrogate.

In an attempt to excuse his conduct in the premises, the respondent submitted medical testimony to the effect that he is subject to periods of epileptic amnesia. There is no evidence, however, that the acts complained of resulted from such a condition. Moreover, as we have had occasion heretofore to point out, the existence of a mental or physical impairment is no excuse for acts which in themselves would render one unfit to continue a member of the bar. (*Matter of Dubinsky*, 256 App. Div. 102.)

In view of the mitigating circumstances presented the respondent is suspended for one year. He may apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ.

Respondent suspended for one year.