In the Matter of JOSEPH A. NICOLINI, an Attorney, Respondent.

First Department, June 18, 1941.

*Einar Chrystie,* for the petitioner.

*Philomena R. Marsicano,* for the respondent.

PER CURIAM. Charges of professional misconduct were filed against the respondent based upon the fact that on December 12, 1939, at a Trial Term of the County Court held in and for the county of Westchester, he pleaded guilty to the crime of subornation of perjury in the second degree. The court suspended sentence and placed him on probation for a term of three years. In connection with the indictment and conviction, the respondent admitted that he had induced and procured clients, in whose behalf he prosecuted divorce or annulment actions, to give false and perjurious testimony.

The aforesaid facts were duly established by the petitioner's evidence before the official referee to whom the matter was sent for hearing. The respondent did not testify in his own behalf. His sister testified regarding domestic troubles between him and his wife, and a psychiatrist, in response to a hypothetical question based upon said testimony, testified that he thought the respondent was under a tremendous emotional upheaval during the aforesaid period; that he did not think the respondent at the time he made the confession of guilt was in what might be called a normal mental state; that he did not think he was in such condition as to be able to appear or testify in this proceeding, and that he did not know how long his present condition would continue.

The evidence obviously was insufficient to rebut the *prima facie* case established by the petitioner's evidence. The referee, therefore, properly found the respondent guilty as charged.

The respondent now urges that this court consider his matrimonial difficulties and temper justice with mercy. Clearly, however, the domestic troubles of an attorney have no possible relation to and could not have been an inducing cause of the giving of advice to his clients to testify falsely upon the witness stand. An attorney who would commit such acts for such a reason and rely upon that reason as an excuse for such acts is temperamentally, mentally and morally unfit to be a member of the bar. Disciplinary action may be tempered with mercy when mitigating circumstances are present in connection with misconduct that does not show inherent unfitness for the duties and responsibilities of such membership. When,

however, the latter is demonstrated, it is the duty of this court to remove the unfit. Such duty it owes not only to the profession but to the public, whom the profession serves.

The respondent should be disbarred.

Present — MARTIN, P. J., TOWNLEY, DORE, COHN and CALLAHAN, JJ.

Respondent disbarred.