In the Matter of BENJAMIN N. SPEVACK, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, April 9, 1943.

*S. C. Lewis* of counsel (*Einar Chrystie,* attorney), for petitioner.

*A. N. Davis* of counsel (*McCauley, Spiegelberg, Davis & Gallagher,* attorneys), for respondent.

*Per Curiam.* On November 21, 1934, the respondent prepared and obtained the approval of a certificate of incorporation of the United Cake, Pastry & Pie Bakers Association, Inc., of which he was named one of the directors. The respondent prepared the notice of the first meeting of said association, which was held on December 4, 1934. The cake and pastry industry was invited to attend that meeting. The respondent presided thereat and prepared a statement for the members regarding the results thereof.

Shortly thereafter various unlawful acts and crimes were perpetrated by officers and directors of the aforesaid association and their agents. As a result thereof the district attorney of New York County filed an information with the clerk of the Court of Special Sessions on or about April 18, 1937, charging the respondent and ·five others with the crime of conspiring, in violation of section 580 of the Penal Law, to prevent another from exercising a lawful trade and calling and to commit an act injurious to trade and commerce.

The information alleged that the respondent and several other defendants did unlawfully, wilfully, knowingly and corruptly conspire to cause manufacturers in the cake and pastry industry in the city of New York to operate their businesses only in accordance with certain rules, regulations and restrictions established and to be established by said association, and to prevent any member of such industry who should refuse so to operate his business from exercising his lawful trade and calling. Numerous overt acts of violence and intimidation ,committed in furtherance of such conspiracy were set forth in the information.

A trial was duly had which resulted in the conviction of the respondent and four of the others named in the information. All the defendants were sentenced to an indeterminate term in the penitentiary. The judgment of conviction was unanimously affirmed as to the respondent by this court and by the Court of Appeals. (*People* v. *Silverman,* 253 App. Div. 683, 278 N. Y. 670.)

The present charges of professional misconduct are based upon the fact that the respondent committed the acts with respect to which he was thus tried and found guilty. The mat-

ter was referred to an official referee for hearing. The latter has reported that from the evidence adduced before him the conclusion is irresistible that the respondent was the adviser and confidant of the conspirators who contemplated and perpetrated the overt acts; that he was present at meetings when suggestions of violence and unlawful acts were discussed, knew who was selected to commit them, and continued to serve as attorney for the association and adviser of the wrongdoers, and that he actually had in his custody money that he knew had been contributed by members of the association to be used for unlawful, destructive and criminal purposes.

It will serve no useful purpose to recite the criminal acts to which the respondent was a party, or the evidence underlying the conclusion reached by the referee. No other conclusion could have been reached upon said evidence.

The respondent should be disbarred.

MARTIN, P. J., TOWNLEY, GLENNON, UNTERMYER and DORE, JJ., concur.

Respondent disbarred.