In the Matter of SAMUEL J. GOULD, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 25, 1957.

*Frederick H. Block* of counsel (*Frank H. Gordon,* attorney), for petitioner.

*Samuel J. Gould,* respondent in person.

*Per Curiam.* The respondent in this disciplinary proceeding was admitted to practice in this department on June 29, 1928. Since that time he has been engaged primarily in commercial fields and not in the active practice of law. He is charged with professional misconduct for having been guilty of disgraceful behavior unworthy of a member of the Bar.

The evidence completely substantiates the charges that respondent, although he employed no female help, lured young women to his premises by advertisements for help wanted, sought to elicit from them answers to highly improper questions by giving assurances that as a lawyer he would keep such answers in strict confidence, attempted to induce them to commit prostitution and other immoral acts, made indecent proposals, and attempted assault with intent to commit rape. The denials and explanations by respondent that he was only trying to ascertain their temperamental qualifications for sales positions with his firm were patently incredible. Such flagrant misconduct indicates complete unfitness to continue as a member of the legal profession (*Matter of Okin,* 272 App. Div. 607).

Respondent argues, however, that he was found to be insane at the time of the commission of the acts with which he is charged, and that he is now fully recovered. This may be a defense to a criminal charge, where the intent to commit the wrongful act is a necessary ingredient; but in disciplinary proceedings, dependent upon the nature of the misconduct, the attorney's conduct may be judged not only by his intent but also by the objective nature of his conduct and the quality of his act. A disciplinary proceeding is not concerned with meting out punishment but with the question of fitness to continue on the roll of qualified attorneys. The primary consideration is the protection of the public in its reliance upon the integrity and responsibility of the legal profession. Practitioners, whether incapable or unwilling to distinguish between right and wrong, cannot be allowed to remain as members of the Bar (*Matter of Bivona,* 261 App. Div. 221; *Matter of Dubinsky,* 256 App. Div. 102).

In connection with respondent's claim that he has now been cured of his mental infirmities, we share the Referee's skepticism of the medical testimony he presented, which declared him to have been insane for a long period before and after the acts complained of, but satisfactorily rehabilitated after

a short stay in a mental institution. Respondent has had a long history of mental disease dating back to 1945, and we are not assured, in the circumstances, that there is little or no probability of recurrence of the sort of conduct with which he is charged. Membership in the legal profession is a jealously guarded privilege. "Disciplinary action may be tempered with mercy when mitigating circumstances are present in connection with misconduct that does not show inherent unfitness for the duties and responsibilities of such membership. When, however, the latter is demonstrated, it is the duty of this court to remove the unfit. Such duty it owes not only to the profession but to the public, whom the profession serves." (*Matter of Nicolini*, 262 App. Div. 114, 115–116.)

Respondent should be disbarred.

PECK, P. J., BREITEL, BOTEIN, RABIN and FRANK, JJ., concur.

Respondent disbarred.