In the Matter of ALAN ABRAHAM PORTNICK (Admitted as ABRAHAM ROSENBLUM, Also Known as ALAN A. PORTNICK), an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, December 17, 1957.

*Frank H. Gordon* for petitioner.

*Alan Abraham Portnick,* respondent in person.

*Per Curiam.* Respondent, an attorney, admitted in the first judicial department on October 18, 1937, was indefinitely suspended after charges that he had been issuing bad checks in large numbers. (*Matter of Portnick,* 2 A D 2d 80.) The order of suspension was entered on the 3d day of July, 1956. It appears from the supplemental petition now before us that subsequent to the date of such suspension respondent continued the same practice of issuing bad checks. He does not deny the issuance of the checks but states in his answering affidavit that

during the period of the misconduct alleged he was subjected to severe mental disturbance following a suspension of psychiatric treatment, and urges that we take no further action because he is not holding himself out as a lawyer.

In the interest of public protection the conduct described requires that respondent be dropped from the roll of attorneys and counselors of law. In doing so however, it is recognized that the conduct may have been caused by an irresponsibility occasioned by mental disturbance. Nevertheless, the public is entitled to have as members of the Bar persons who are qualified and fit, and it looks to this court for its protection. As was said in *Matter of Gould* (4 A D 2d 174, 175, leave to appeal to Court of Appeals denied): "A disciplinary proceeding is not concerned with meting out punishment but with the question of fitness to continue on the roll of qualified attorneys. The primary consideration is the protection of the public in its reliance upon the integrity and responsibility of the legal profession. Practitioners, whether incapable or unwilling to distinguish between right and wrong, cannot be allowed to remain as members of the Bar (*Matter of Bivona,* 261 App. Div. 221; *Matter of Dubinsky,* 256 App. Div. 102)."

Accordingly, respondent should be disbarred.

PECK, P. J., BREITEL, BOTEIN, FRANK and McNALLY, JJ., concur.

Disbarred.