In the Matter of GEORGE KAPLAN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 20, 1961.

*Eric Nightingale* (*George G. Hunter, Jr.,* with him on the brief), for petitioner.

*George Kaplan,* respondent in person.

*Per Curiam.* Respondent was admitted to practice in the Second Department in June, 1949. He had an active practice largely, though not exclusively, devoted to the collection of accounts. Sometime in 1955 he claims to have suffered from some mental illness. In any event, starting at that time and continuing for some two years the incidents arose that gave rise to the institution of disciplinary proceedings. Fifteen charges were asserted against respondent, of which two were later withdrawn.

No one of these charges is, in and of itself, particularly serious, but in total they present a picture of inexcusable neglect of clients' interests and a failure to perform the basic obligations of an attorney. As this is not a punitive proceeding and its object is the protection of the public (*Matter of Nicolini*, 262 App. Div. 114), the fact that respondent's derelictions may not spring from moral turpitude is not significant. One who is unable to act in accord with his duty as a member of the Bar must receive the same treatment as one who is unwilling to do so (*Matter of Bivona*, 261 App. Div. 221), and the same applies if the disability arises through mental illness (*Matter of Dubinsky*, 256 App. Div. 102; *Matter of Gould*, 4 A D 2d 174).

Respondent is not presently practicing law, and has not for some time. He disclaims any intention to resume practice. Although he claims to have recovered completely from the illness from which he suffered, the evidence submitted before the Referee as to his present condition and as to the prognosis in regard to it was found by the Referee to be unsatisfactory, and we concur in that appraisal. We feel that the protection of the public should not depend on the continuance of respondent's presently expressed intention to forego the privilege of practice and that it is necessary to make formal provision.

The motion to confirm the Referee's report should be granted and respondent should be suspended from practice for a period of three years, with permission to apply for reinstatement at the end of that period upon sufficient proof that his mental condition is satisfactory and that he has made complete restitution in regard to all of the charges which were sustained before the Referee. Failing such application, the suspension should continue.

BOTEIN, P. J., BREITEL, RABIN, VALENTE and STEUER, JJ., concur.

Respondent suspended for a period of three years.