In the Matter of Morris H. Switzer, an Attorney, Respondent. Association of the Bar of the City of New York, Petitioner.

First Department, February 11, 1963.

*Eric Nightingale* of counsel (*Michael Franck* with him on the brief), for petitioner.

*Harold L. Lipton* of counsel (*Booth, Lipton & Lipton,* attorneys), for respondent.

*Per Curiam.* The respondent was admitted to the Bar in the Second Department on October 26, 1932. In 1956 he was convicted of unlawfully, willfully, knowingly and fraudulently concealing property from a trustee in bankruptcy and of conspiring to violate the bankruptcy laws. As the result of such conviction he was sentenced to a term of 1½ years of which he served 7½ months. The conviction was affirmed by the United States Court of Appeals for the Second Circuit (*United States* v. *Switzer,* 252 F. 2d 139, cert. den. 357 U. S. 922).

The conviction arose out of the respondent's participation in a conspiracy to effect the transfer of assets of a corporate client to the end of defeating the rights of creditors in an impending bankruptcy proceeding.

While the crime for which respondent was convicted is not cognizable as such under the law of New York, the acts constituting the crime would appear to constitute the misdemeanors of conspiracy (Penal Law, § 580) and fraudulent acts to defeat creditors (Penal Law, § 1170). We may thus treat with respondent as if he had been convicted of a misdemeanor within the meaning of subdivision 2 of section 90 of the Judiciary Law (cf. *Matter of Donegan*, 282 N. Y. 285).

Generally, conviction of a lawyer of a criminal offense involving moral turpitude to a grave degree will result in the application of the most severe sanctions. (See *Matter of Greenwald*, 278 App. Div. 76; *Matter of Spevack*, 265 App. Div. 718; *Matter of Nicolini*, 262 App. Div. 114.) But in such cases, as in all other disciplinary cases, there may be factors meriting mitigation. (See *Matter of Hahn*, 285 App. Div. 592; *Matter of Pinckney*, 276 App. Div. 700; *Matter of Grossman*, 266 App. Div. 338.)

In this case, the acts for which respondent was convicted took place in 1950. The respondent's record prior to that time appears to have been an unblemished one, and his conduct since 1950 appears to have been exemplary. He has also been under a self-imposed suspension since 1958. Apart from this single transgression the respondent's character and reputation appear to be excellent.

Under the circumstances the respondent should be suspended for a period of two years.

BREITEL, J. P., RABIN, VALENTE, STEVENS and STEUER, JJ., concur.

Respondent suspended for a period of two years.