**Frank A. CARTER, Jr., Chief Disciplinary Counsel**

v.

**Jerome H. KRITZ.**

**No. 89-262-M.P.**

Supreme Court of Rhode Island.

June 27, 1989.

Frank A. Carter, Jr., Chief Disciplinary Counsel, for plaintiff.

William A. DiMitri, Jackvony & DiMitri, Providence, for defendant.

OPINION

**PER CURIAM.**

This disciplinary matter is before the Supreme Court pursuant to Rule 42-6(b) of the Supreme Court Rules. The Disciplinary Board of the Supreme Court of Rhode Island voted to recommend sanctions against the respondent attorney following a full disciplinary hearing. The respondent came before the court pursuant to an order directing him to appear and show cause why he should not be disciplined.

Three petitions, alleging violations of Disciplinary Rules DR1-102(A)(6), DR5-101(A) and DR5-104(A) were filed against respondent.[1] Prior to presenting evidence before the panel, respondent, through counsel, admitted to the facts alleged in the petitions and to the violations of the disciplinary rules as set forth in the complaints.

The complaints involved three female clients, whose identities need not be disclosed here. Each of the clients sought respondent's legal services in domestic-relations cases, and each was told that she could discharge her attorney's fees by posing for photographs in the nude or in lingerie. In two cases the clients reported respondent's offer to authorities; in one case the client actually submitted to being photographed nude and seminude, and respondent engaged in activities that need not be described in detail here.

In mitigation respondent's counsel asserted that respondent was under stress at the time of these actions. He asserted that respondent had sought some counseling and that the stress and the problems that had caused the aberrant behavior were now relieved.

The court notes that despite the fact that respondent has admitted that he engaged in highly unethical and reprehensible behavior directly related to his law practice, neither he nor his counsel has offered any medical or psychological evidence that would identify the problem and establish

1. The Code of Professional Responsibility was superseded in November 1988 when this court adopted the Rhode Island Rules of Professional Conduct. The rules are applicable to any alleged transgression occurring on or after November 15, 1988.

that concrete action has been taken to alleviate that problem.

This case is one of first impression. There is no prior case in Rhode Island that deals with an attorney who seeks sexual favors in exchange for legal services. We are aware of a 1976 case in Indiana, the facts of which are quite similar. In that case the court stated:

"[T]his Court does not, cannot, and will not, attempt to establish guidelines for the sexual activities of the members of the bench and bar. Yet, this Court, under the Constitution of the State of Indiana, is given the responsibility of the preservation of the integrity of the judicial system and its officers, and when the sexual activities of an attorney involve conduct which demonstrates an unfitness to practice law, this Court has no alternative but to meet its responsibility and impose discipline * * *." *Matter of Wood*, 265 Ind. 616, 624, 358 N.E.2d 128, 133 (1976).

In *Wood* and in other cases involving sexual activity directly related to an attorney's law practice, the courts have ruled that discipline is necessary. *See Committee on Professional Ethics and Conduct of the Iowa State Bar Association v. Durham*, 279 N.W.2d 280 (Iowa 1979) (sexual contact between an attorney and client, although not an illegal act, warrants reprimand when it occurs during attorney's visit to client in penitentiary in attorney's professional capacity); *Matter of Gould*, 4 A.D.2d 174, 164 N.Y.S.2d 48 (1957) (where attorney lured young women to his office by advertisements for help wanted, elicited answers to highly improper questions, and induced them to commit acts of prostitution or other immoral acts, court disbarred attorney in part because the public relies on the integrity and responsibility of the legal profession and also because the membership to the bar is a privilege that should not be extended to attorneys who cannot distinguish between right and wrong). In *State of Wisconsin v. Heilprin*, 59 Wis.2d 312, 207 N.W.2d 878 (1973), the court held that the suspension of an attorney's license was warranted when the attorney suffers from a personality disorder that causes him to respond in a very aggressive and hostile manner in stressful situations.

We agree with the disciplinary board in its conclusion that respondent violated DR1–102(A)(6) and DR5–101(A) by engaging in conduct that reflected adversely on his fitness to practice law. His conduct was inflicted upon vulnerable, emotionally and economically distressed, clients. Sanctions are warranted that will not only protect the public but will provide significant deterrence to the members of the bar in general.

For these reasons it is ordered that the respondent is suspended from the practice of law for a period of not less than one year beginning on the fifteenth day of July 1989. It will be the respondent's burden, at such time that he applies for readmission to the practice of law in this state, to establish to the court's satisfaction by appropriate medical evidence that the condition or problem that underlies his propensity for sexual misconduct with clients has been treated or at least brought under control.

The respondent will on or before July 15, 1989, furnish to the clerk of the Supreme Court a list of his active clients so that necessary steps may be taken to protect their interests.

WEISBERGER, J., did not participate.