In the Matter of John F. PELLIZZARI.

No. 99–76–M.P.

Supreme Court of Rhode Island.

March 5, 1999.

David Curtin, Chief Disciplinary Counsel, for petitioner.

John F. Pellizzari, for respondent.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This disciplinary case is before the Court pursuant to a decision of the Supreme Court Disciplinary Board (board) that the respondent, John F. Pellizzari, has violated certain rules of the Rules of Professional Conduct and a recommendation that he be disciplined for doing so. Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure For Attorneys provides in pertinent part:

"If the [Disciplinary] Board determines that a proceeding *** should be concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."

The essential facts of this case are not in dispute. The respondent is admitted to the practice of law in this state and in the Commonwealth of Massachusetts. In March of 1997, he was retained by a client to represent her in a divorce case. As his client and her then-husband were residents of the Commonwealth of Massachusetts, the divorce action was filed and concluded in the courts of that state. The respondent represented the wife through conclusion of the divorce. During the pendency of the divorce case there were several issues in dispute. These included division of the marital assets, division of the husband's pension and annuity, and custody and child support for a minor child of the parties.

During the pendency of the divorce, the respondent and his client developed a personal relationship that included consensual sexual relations. The existence of that relationship was disclosed by the client when she filed a complaint with this Court's Disciplinary Counsel.

Jurisdiction of this case was properly before the board. Pursuant to Article III, Rule 1 of the Supreme Court Rules of Disciplinary Procedure For Attorneys, an attorney admitted to practice law in this state is subject to the disciplinary jurisdiction of this Court. The locus of the misconduct is not relevant to determining jurisdiction. Moreover, while the divorce action was filed in the courts of Massachusetts, the sexual relations occurred within the confines of this state.

Based upon these uncontested facts, the board properly determined that the respondent had violated Article V, Rules 1.7(b) and 1.17(a)(1) of the Supreme Court Rules of Professional Conduct. The applicable portion of Rule 1.7(b) provides that:

"A lawyer shall not represent a client if the representation of that client may be materially limited *** by the lawyer's own interests, unless: (1) the lawyer reasonably believes the representation will not be adversely affected; and (2) the client consents after consultation."

This Court has not adopted a specific rule prohibiting sexual relations between attorneys and their clients. We have previously declined to establish broad guidelines for the sexual activities of members of the bar. *Carter v. Kritz*, 560 A.2d 360 (R.I.1989). However, we have also recognized that when an attorney engages in sexual relations with a divorce client, particularly where issues of child custody and division of marital assets are disputed, that attorney's "interest in maintaining the sexual relationship creates an inherent conflict with the proper representation of the client." *Matter of DiPippo*, 678 A.2d 454, 456 (R.I.1996); *See also Matter of DiSandro*, 680 A.2d 73, 75 (R.I.1996).

The respondent also violated Rule 1.17(a)(1) when he continued to represent the client in the divorce case after the sexual relationship had commenced. Rule 1.17(a)(1) provides, in pertinent part:

"*Declining or terminating representation.*—*** a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: (1) the representation will result in violation of the rules of professional conduct or other law."

The respondent was in violation of the rules when he engaged in sexual relations with his divorce client. His continued representation while engaged in an intimate relationship was impermissible. Accordingly, his failure to cease his legal representation of the client in these circumstances constitutes a violation of Rule 1.17(a)(1).

The purpose of attorney discipline is to protect the public and maintain the integrity of the legal profession. *Matter of Scott*, 694 A.2d 732, 736 (R.I.1997). Those dual purposes can best be served in the present case by adopting the board's recommendation that the respondent be publicly censured. We note that the board specifically found that the client had not incurred any actual harm as a result of the improper relationship. Had the client's case been adversely impacted, a more severe sanction would be appropriate.

Accordingly, the respondent, John F. Pellizzari, is hereby publicly censured.