# IN RE WEISENSEE

(224 N.W. 2d 830)

(File No. 11315. Opinion filed January 15, 1975)

Marvin Truhe, Robert Wichser, Asst. Attys. Gen., Pierre, for the state.

**Sam W. Masten,** Canton, for respondent.

DOYLE, Justice.

This is a disciplinary proceeding against George Weisensee, an attorney duly licensed to practice law in this state. The proceeding was brought by the attorney general of this state pursuant to order of this court dated June 12, 1973.

The facts are not in dispute. On June 8, 1973, respondent entered a plea of nolo contendere in United States District Court to the offense of failing to make an income tax return for the calendar year 1970, in violation of 26 U.S.C.A., § 7203, which violation is a misdemeanor.

The complaint filed by the attorney general charged respondent with the above described misdemeanor conviction and requested that respondent's license to practice law be either suspended or revoked on the basis of SDCL 16-19-2(1), which reads:

"* * *

> (1) Conviction of a felony or a misdemeanor involving moral turpitude, in either of which cases the record of conviction is conclusive evidence
> * * *."

Respondent admits the allegations of the complaint but contends that said misdemeanor does not involve moral turpitude and, by way of answer, affirmatively represented that respondent, at times pertinent, was of good moral character and a fit and proper person to practice law in this state. Thus, under the pleadings in this matter, we confine ourselves to the sole question of whether the failure to make an income tax return in violation of 26 U.S.C.A., § 7203, is a misdemeanor involving moral turpitude.

Pursuant to SDCL 16-19-16 this court referred this matter to the Honorable Leslie R. Hersrud, Circuit Judge of the Eighth Judicial Circuit, for the purpose of taking testimony and making findings and recommendations. The referee found that the evidence affirmatively demonstrates that respondent has through

his years of practice of the profession of the law competently and professionally served his clients' interests and has demonstrated that he is a competent and able lawyer. There was no evidence that respondent had failed to properly represent clients nor in any manner violated the code of professional responsibility and ethics of an attorney. The recommendation of the referee was that the respondent's license to practice law remain in force.

■■■ The findings of the referee are amply supported by the evidence; consequently, such findings will not be disturbed by this court. In re Goodrich, 78 S.D. 8, 98 N.W.2d 125. We must keep in mind that the real and vital issue to be determined in disbarment proceedings is whether or not the accused, from the whole evidence as submitted, is a fit and proper person to be permitted to continue in the practice of law. In re Van Ruschen, 1917, 38 S.D. 254, 160 N.W. 1006. Again this court said in In re Rude, 1974, 88 S.D. 416, 221 N.W.2d 43:

> "The purpose of disciplinary proceedings is not to punish but to remove from the profession those attorneys whose misconduct has proved them unfit to be entrusted with the duties and responsibilities belonging to the office of an attorney so that the public may be protected from further wrongdoing."

We next turn to the question of whether or not a violation of 26 U.S.C.A., § 7203, is a misdemeanor involving moral turpitude. The courts are not in harmony on this question. The general rule is stated in Anno., 59 A.L.R.2d 1401:

> "This crime has been viewed most often as one not necessarily involving moral turpitude. For this reason courts have required some further or independent showing, beyond the bare fact of conviction for income tax evasion, that the particular conduct in question was infected with moral turpitude before they would impose discipline appropriate to misconduct of that degree, or they have recognized that the respondent might show himself to have been free of moral turpitude despite his conviction."

In this respect we are impressed with the reasoning expressed by the Supreme Court of California in the case of In re Fahey, 8 Cal.3d 842, 106 Cal.Rptr. 313, at page 318, 505 P.2d 1369, at page 1374, where they state:

> "failure to file a tax return * * * does not necessarily involve moral turpitude. (citations omitted) * * * The record (as in the matter at bar) shows no intent on his part to avoid ultimately filing his return or paying his taxes * * *. There is no showing that his income tax delinquencies or his accompanying state of mind impaired his performance of professional duties to his clients in an honest and faithful manner."

■ We hold a violation of 26 U.S.C.A., § 7203, is not a misdemeanor necessarily involving moral turpitude within the purview of SDCL 16-19-2(1). As was stated in In re Fahey, 8 Cal.3d 842, 106 Cal.Rptr. 313, at page 320, 505 P.2d 1369, at page 1376:

> "we do not condone respondent's income tax delinquencies. His conduct has demeaned not only himself but also the high profession which he serves. We hold, however, that under the circumstances of this case such conduct does not constitute moral turpitude and so does not 'characterize him as unsuitable to practice law.' "

Complaint dismissed.

WINANS, WOLLMAN and COLER, JJ., concur.

RENTTO, Retired Judge, concurs.

RENTTO, Retired Judge, sitting for DUNN, C. J., disqualified.