In the Matter of the Discipline of Hermon B. WALKER, also known as Hermon Walker, as an attorney at law.

No. 11797.

Supreme Court of South Dakota.

May 26, 1977.

R. James Zieser, Tyndall, for the Grievance Committee South Dakota Bar Ass'n, for complainant.

George A. Bangs, Rapid City, for respondent.

## PER CURIAM.

This is a disciplinary proceeding against Hermon B. Walker (respondent), a member of the South Dakota Bar now practicing at Rapid City, South Dakota. Respondent was admitted to practice as an attorney and counselor-at-law in the courts of the State of South Dakota on August 10, 1961. Since that time he has been engaged in the active practice of law with offices at Sturgis in Meade County, South Dakota until about July 1, 1975, and thereafter at Rapid City in Pennington County, South Dakota.

Certain complaints regarding the respondent's conduct in the practice had been reported to the Grievance Committee of the State Bar Association which undertook to investigate the complaints. A report from that committee to this court resulted in an order authorizing the filing of the formal complaint, which order was dated the 24th day of November, 1975. By formal complaint filed on the 4th day of December, 1975, respondent was charged with unprofessional conduct, malpractice, and conduct prejudicial to the administration of justice in his office as an attorney and counselor-at-law. He was first alleged to have entered a plea of nolo contendere to a charge of willful failure to file income tax returns for the years 1970 and 1971, upon which plea he had been found guilty and imposition of sentence was suspended on terms of probation. He was next alleged to have pled guilty to a charge of driving a motor vehicle while under the influence of intoxicating liquor on the streets of Sturgis, Meade County, South Dakota. The complaint further detailed six instances over a period of some fourteen years wherein the clients had complained of the respondent's handling of causes and legal transactions on their behalf. We do not detail these claims here, suffice it to say that, if true, they would demonstrate a pattern of unconcern, neglect, procrastination and untruths which singly and collectively constitute unprofessional conduct and conduct prejudicial to the administration of justice as was charged in the complaint.

To this formal charge the respondent filed an answer which denied that the allegations of misconduct as detailed in the complaint constituted grounds for disciplinary action. He further affirmatively asserted that any such conduct predated the 2nd day of August, 1974, on which date he alleged that he had been diagnosed as afflicted with the disease of acute chronic alcoholism and began a course of treatment for the arrest of the said disease. The Honorable George W. Wuest, Senior Circuit Judge for the Fourth Circuit, was duly appointed as referee to take and hear the testimony in this matter and to make and file with this court findings of fact and recommendations thereon. Hearing on the complaint was held in the Pennington County Courthouse on January 20 and 21, 1977, and the referee's report filed on February 3, 1977. The matter was brought on for argument before this court on March 18, 1977.

The referee's report reviewed in detail the charges of the formal complaint. He found that the respondent had in fact entered the pleas as charged in the matter of the income tax returns and the DWI offense. With respect to the some six various complaints about handling clients' matters he found that in two cases there was insufficient evidence to demonstrate any fault on the part of the respondent. With respect to three other instances, while respon-

dent had let statutes of limitation run and an appeal be abandoned, the circumstances indicated so little chance of success in securing any return for his client that the referee found there could be nothing more than minimal damage sustained by the client; but nevertheless criticized the respondent for his procrastination and his failure to fully advise the clients of the situation before permitting the statutes to run or the appeal to be abandoned. In the sixth instance, a divorce matter, respondent lost or mislaid some stock certificates that he was supposed to have transferred to his client's name. While this was simply a matter of securing replacement certificates, properly registered, his procrastination over a period of years did cause his client to lose approximately $50.00 in dividends. The referee's report further detailed that the respondent testified in his own behalf at the hearing and admitted to being an alcoholic and having deceived his law partner, his clients and his family. The referee then stated: "IF THIS WAS THE END OF THE STORY, it would be my opinion that Hermon Walker was unfit to be an attorney and should be promptly 'DISBARRED'." However, the findings went on to report that the respondent was so addicted to alcohol that he had become a problem for himself and his parents while still in high school, continuing and as usual becoming progressively worse, until it reached a point where he lost his law partner and his wife divorced him. It was the referee's opinion that the respondent's drinking was the main or "proximate" cause of the misconduct alleged in the complaint. The report further found that beginning August 2, 1974, the respondent has undertaken and carried on a course of treatment to arrest his alcoholism including a twenty-eight day institutional course of treatment at River Park in Pierre, South Dakota, and since discharged from that institution he has participated actively in Alcoholics Anonymous and returned on numerous occasions to lecture at the River Park institution. In the two and one-half years since beginning this course he has striven to straighten out his social and professional problems and most important he

has abstained from the use of alcoholic beverages. In the light of his efforts to correct his drinking problem and his apparent success in these efforts the referee concluded that the respondent should be given an opportunity to continue the practice of law conditional upon his continued abstinence of alcohol.

■ In a disciplinary proceeding against an attorney the findings of fact of the referee if not conclusive are nevertheless entitled to the careful consideration of this Court which is mindful of the fact that the referee saw and heard the witnesses with all the advantage that is gained from such personal contact. This Court has consistently refused to disturb the findings of the referee where they are supported by the evidence. *In re Schmidt,* 1944, 70 S.D. 161, 16 N.W.2d 41. We find nothing in the record that would dispute the findings of the referee. Indeed at the hearing upon the findings counsel for the respondent did not in any manner take issue with them. The sole question remaining before us is the disposition to be made.

■ The Code of Professional Responsibility (appendix to Chapter 16–18 SDCL) as adopted by the South Dakota Bar Association on June 20, 1970 and approved by this Court on July 21, 1970, provides the standards by which to judge the transgressor. Under Canon I, Disciplinary Rule 1–102, "Misconduct", states that:

"(A) A lawyer shall not:
(1) Violate a Disciplinary Rule.
(2) Circumvent a Disciplinary Rule to actions of another.
(3) Engage in illegal conduct involving moral turpitude.
(4) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation.
(5) Engage in conduct that is prejudicial to the administration of justice.
(6) Engage in any other conduct that adversely reflects on his fitness to practice law."

A willful violation by an attorney of any of these rules constitutes sufficient cause for

revocation or suspension of the attorney and counselor's license under the provisions of SDCL 16–19–2. This court has previously held that the violation of the federal statute for failure to file federal income tax returns is not a misdemeanor necessarily involving moral turpitude within the purview of the disbarment statute and does not necessitate disbarment, *In re Weisensee,* 1975, S.D., 224 N.W.2d 830; nor do we find that driving a motor vehicle while under the influence of intoxicating liquor involves moral turpitude within the purview of the statute. We then turn to the various charges of mishandling, neglect, procrastination and untruths involved in handling clients' affairs.

■■■ We acknowledge again that the purpose of disciplinary proceedings is not to punish but to remove from the profession those attorneys whose misconduct has proved them unfit to be entrusted with duties and responsibilities belonging to the office of an attorney so that the public may be protected from further wrongdoing, *In re Rude,* 1974, S.D., 221 N.W.2d 43; *In re Weisensee,* supra. Disbarment is warranted when it is clear that the protection of society requires such action or where the maintenance of respect for courts and judges or the respectability of the legal profession itself demands such action, *In re Kunkle,* 1974, S.D., 218 N.W.2d 521.

As previously stated, the referee's report recommended that in the light of the respondent's efforts over some two and one-half years and the fact that he had abstained from alcoholic beverages during that entire period, the respondent should be given the opportunity to continue the practice of law. This disposition was strongly urged upon us at the hearing on the referee's report by the counsel for the respondent and perhaps as strongly contested by counsel for the Grievance Committee. We view this disposition of the matter with hesitancy and considerable trepidation.

■■■ We are not unmindful of the legislative policy expressed in Chapter 240, Laws of 1974, which reads as follows:

"It is the policy of this state that alcoholics and intoxicated persons may not be subjected to criminal prosecution because of their consumption of alcoholic beverages but rather would be afforded a continuum of treatment in order that they may lead normal lives as productive members of society."

This court cannot, however, under the guise of support of this policy condone misconduct on the part of an attorney on the grounds that he is an alcoholic anymore than it can condone misappropriation of clients' funds on the grounds of financial problems. To hold otherwise would wreak havoc with the process of disciplinary proceedings for not infrequently misconduct by attorneys appears to be attributable at least in part to the factor of alcoholism.

"We must keep in mind that the real and vital issue to be determined in disbarment proceedings is whether or not the accused, from the whole evidence as submitted, is a fit and proper person to be permitted to continue in the practice of law." *In re Weisensee,* supra, citing *In re Van Ruschen,* 1917, 38 S.D. 254, 160 N.W. 1006.

Alcoholism is now widely recognized as being a disease and as such is susceptible of treatment. In the instant case the respondent has made an obviously bona fide commitment to accept the necessary treatment of the disease to such an extent that he has a history of two and one-half years of abstention. Successful treatment of the disease involves continued abstention and any discussion of the question of successful treatment evolves into an estimate based on percentages. As one of the witnesses for the respondent, a doctor with the Johnson Institute in Minneapolis, Minnesota testified, annual studies of their former patients consistently indicated that 52% of the patients never drink again, but the other 48% relapse and experiment with alcohol, that about half of those dropouts return and complete the outpatient program successfully and remain abstinent, giving their program about a 75% success factor. The testimony of the superintendent at River Park was to the effect that approximately

80% of their patients were successful and maintaining abstinence. He further testified that in his opinion the respondent had better than 80% chance of continuing abstinence. The director of the Department of Alcoholism Rehabilitation at the Rapid City Regional Hospital, who testified to his acquaintance with the respondent and his association with him in the followup activities, did not use a percentage factor but estimated the respondent's chances of success in total permanent sobriety as excellent.

In the case of *In re Rude,* supra, the referee also found that the respondent had a problem with alcohol; however, this case is clearly distinguishable from Rude where, although a drinking problem was mentioned, no evidence of action towards treating the problem was offered.

The referee's report recommended a period of probation. The provisions of Chapter 16–19 SDCL regarding discipline of attorneys, while granting this court exclusive power to disbar or suspend attorneys, makes no mention of probation nor has this court adopted any rule providing for such a sanction. However, this court has long recognized that:

" * * * a court authorized to admit an attorney has inherent jurisdiction to suspend or disbar him for sufficient cause, and that such jurisdiction does not necessarily depend on any express constitutional provision or statutory enactment. * * * The proceeding is not for the purpose of punishment of the attorney, but for the purpose of preserving the courts of justice from the official ministration of persons unfit to practice in them. The action of the court in the exercise of this power is judicial in its character, and the real question for determination in such proceedings is whether or not the attorney is a fit person to be longer allowed the privileges of being an attorney." *In re Brown,* 1936, 64 S.D. 87, 97, 264 N.W. 521, 525.

As Justice Whiting so eloquently wrote in *Danforth v. Egan,* 1909, 23 S.D. 43, 47, 119 N.W. 1021, 1022:

"Did the framers of the Constitution intend to indirectly take from the courts, in favor of a certain excepted class of persons, a right which the statutes of the territory had recognized as resting in the courts—a right recognized for centuries, by all countries and states having laws based on the English common law, as the inherent right of the court, a right necessary in the very nature of courts and the duties devolving upon them, a right which, if lost, would soon bring the courts of our land into contempt—the right to say who shall as attorneys be recognized as officers of the courts, together with the right to expel such persons whenever they have been adjudged unworthy or unfit for this important trust? This right of the courts is as much the law of our land, and of as much dignity as such, as any law founded in the Constitution or statutes. It is not dependent upon either the Constitution or statutes for its existence, but exists fully in all courts of record unless expressly restricted or taken away by express legislation, and it is a serious question whether it lies within the power of the Legislature to more than regulate this right of the court, whether the Legislature can more than prescribe certain qualifications for admission, leaving to the proper court to fix others if it sees fit, and whether the Legislature can more than fix certain grounds for disbarment, leaving to the court the right to disbar for other reasons within sound judicial discretion. * * * No one has ever contended that our Supreme Court, in which our statutes have left this right of admission and disbarment, had not full power to exercise such right the same as to reach any other judicial determination, or that the effect of its decision or judgment had in any manner been restricted."

Counsel for respondent has strongly urged upon us the case of *In re Complaint as to the Conduct of James H. Lewelling, Accused,* 1966, 244 Or. 282, 417 P.2d 1019, a disciplinary proceedings before the Supreme Court of the State of Oregon which appears to be almost on fours with the instant case, and in which case the Oregon

court imposed a sanction of a term of suspension from the practice of law, the sanction to be imposed only if the accused failed during a specified period to fulfill the conditions of refraining entirely from the use of alcoholic beverages and discontinuing the dilatory and neglectful manner characterizing his professional conduct.

■ Upon all of the record before us and it appearing that the respondent two and one-half years ago ceased to use intoxicating liquor and has since totally abstained and has pledged to totally abstain in the future, and it further appearing that the misconduct found against respondent was proximately caused by his alcoholism and occurred primarily prior to the beginning of his total abstention, we deem it proper that he be given an opportunity to continue the practice of law conditional upon his continued abstinence from alcohol as recommended by the referee. We therefore enter judgment as follows: That respondent be subjected to the sanction of a two-year suspension from the practice of law in the State of South Dakota and thereafter until he shall make application for reinstatement to practice and make a showing before this court of his fitness to practice; provided, however, that the foregoing sanction shall be imposed only if the respondent fails to fulfill the following conditions:

(1) That for a period of five years from the date hereof he continue to refrain entirely from the use of alcoholic beverages; and

(2) That for a like period he not commit any act that would constitute a violation of the code of professional responsibility that would constitute grounds for the imposition of discipline pursuant to SDCL 16–19.

In addition to the foregoing, judgment is hereby rendered against the respondent for all necessary costs of the reference as shall be taxable by the clerk as provided by SDCL 16–19–18.

We are not unmindful that this is a case of first impression in the area of attorney discipline in this state and we sincerely hope that it will serve as an incentive to this respondent to continue his efforts at rehabilitation and as an adequate measure to protect the public against a recurrence of the harm which was caused by his delinquencies. It goes without saying that any violation of the conditions of the suspension of the imposition of the sanction which shall come to the attention of this Court in any manner, will result in immediate action to revoke the suspension of the sanction and to execute the judgment of suspension. Moreover, it should be made clear to all that our disposition in this case does not signal the advent of a new defense in disciplinary proceedings. We do not hold that alcoholism as a causation factor in misconduct will shield the perpetrator from the consequences of his actions. The respondent did not receive the consideration that we have given him because he is an admitted alcoholic but rather because he is, in our view, a bona fide recovered or arrested alcoholic who has for the past two and one-half years demonstrated his fitness to continue in the practice of law.

DUNN, C. J., and WOLLMAN, ZASTROW, PORTER and MORGAN, JJ., concur.