**In the Matter of Darrell ADAMS.**

**No. 281S34.**

Supreme Court of Indiana.

Dec. 9, 1981.

James A. Lang, Jeffersonville, for respondent.

 

Martha Sanders Hoover, Staff Atty., Thomas J. Opsut, Staff Atty., Indiana Supreme Court Disciplinary Commission, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

**PER CURIAM.**

The Disciplinary Commission of the Indiana Supreme Court and Darrell Adams, Respondent herein, have submitted for this Court's approval a Statement of Circumstances and Conditional Agreement for Discipline pursuant to Admission and Discipline Rule 23, Section 11(d). The Respondent has also filed the requisite affidavit under A.D. Rule 23, Section 17(a). Upon examination of the matters which have been submitted, this Court now finds that the agreement of the parties should be accepted and approved.

Accordingly, we find that the Respondent was admitted to the Bar of this State on October 13, 1976. On or about January 25, 1980, a female client engaged Respondent to represent her in an action for dissolution of marriage. On June 27, the client met with Respondent in Respondent's office and requested the issuance of a restraining order. On June 28, 1980, the client returned to Respondent's office and paid Respondent the balance of the attorney's fees. When the client prepared to leave Respondent's office, the Respondent grabbed her, kissing her and raising her blouse. Thereafter the client discharged the Respondent and hired another attorney. We further find that Respondent's actions constitute illegal conduct involving moral turpitude and conduct which adversely reflects on Respondent's fitness to practice in violation of D.R. 1–102(A)(3) and (6) of the *Code of Professional Responsibility for Attorneys at Law.*

The Disciplinary Commission and the Respondent have tendered an agreement imposing a public reprimand as the sanction for the above-noted professional misconduct. Realizing that the publication of this opinion will have a detrimental effect on the Respondent's legal practice, we find the proposed discipline appropriate under the facts of the present case. It should be obvious that Respondent sought to exploit the attorney-client relationship for his own personal physical pleasure. Conduct of this ilk is particularly repugnant while the client is dependent upon the attorney for guidance and assistance.

In view of the above considerations, it is ordered that the Respondent be and he is hereby reprimanded and admonished.

Costs of these proceedings are assessed against the Respondent.