In the Matter of the DISCIPLINE OF Lawrence Anthony WEISENSEE, as an Attorney at Law.

No. 13925.

Supreme Court of South Dakota.

Argued April 20, 1983.

Decided June 1, 1983.

Mark V. Meierhenry, Atty. Gen., Robert L. Timm, Asst. Atty. Gen., Pierre, for complainant State of S.D.

No appearance on behalf of respondent Weisensee.

## ORIGINAL PROCEEDING

MORGAN, Justice.

This is a disciplinary action brought against Lawrence Anthony Weisensee (respondent) under the provisions of SDCL 16–19–37 et seq. We suspend respondent's license to practice law in this state.

Respondent was admitted to practice law in South Dakota on July 30, 1964. Since that time, he has practiced law in a number of locations both in and out of the state. In addition to being engaged in private practice, respondent was employed as an assistant attorney general for the State of South Dakota for a period of two years and spent the better part of four years with the Internal Revenue Service of the United States, assigned to regional counsel offices. During his tenure with the Internal Revenue Service, respondent was a trial attorney who prosecuted civil cases. Respondent also reviewed tax cases for the purpose of recommending whether or not the cases should be forwarded to the Department of Justice for criminal prosecution, including cases for willful failure to file income tax returns under 26 U.S.C. § 7203.

On July 30, 1982, respondent entered pleas of guilty and was convicted on four counts of willful failure to file income tax returns in violation of 26 U.S.C. § 7203. Three counts of willful failure involved the calendar years of 1975, 1976, and 1977, when respondent was a resident and practicing in Lithonia, Georgia, and one count involved the year 1978, when respondent was living and practicing in Sioux Falls, South Dakota.

Upon the filing of certified copies of the judgment entered by the United States District Court for the Northern District of Georgia, in the office of the clerk of this court, the license of respondent to practice law in the courts of South Dakota was suspended pending final disposition of disciplinary proceedings under the provisions of SDCL 16–19–37.[1] The matter was referred to the office of the attorney general for the State of South Dakota for institution of formal proceedings under SDCL 16–19–39.[2] Thereafter, and on November 30, 1982, the report and recommendation of the attorney general of the State of South Dakota was

---

1.  SDCL 16–19–37 provides, in pertinent part:
    If any attorney has been convicted of a serious crime as defined in § 16–19–36, the Supreme Court shall enter an order immediately suspending the attorney, whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after trial or otherwise, and regardless of the pendency of an appeal, pending final disposition of a disciplinary proceeding to be commenced upon such conviction.

2.  SDCL 16–19–39 provides:
    Upon the receipt of a certificate of conviction of an attorney for a serious crime, the Supreme Court shall, in addition to suspending him in accordance with the provisions of § 16- 19–37,

filed with this court and was duly brought on for hearing before this court at 3:00 p.m. on Wednesday, April 20, 1983.

Prior to such hearing date, counsel of record for respondent withdrew. Notice of the hearing date was given to respondent by mail by the clerk of this court and reportedly by his former counsel. On April 19, 1983, respondent, through another attorney, attempted to get a continuance so that new counsel could appear on behalf of respondent. Because a previous continuance had already been granted to respondent and because this request was considered to be untimely, the continuance was refused and the matter proceeded to hearing as scheduled. Upon such hearing, the attorney general's office was represented by Robert Timm, Chief Deputy Attorney General for the State of South Dakota. Respondent neither appeared nor was represented by counsel. After listening to remarks by the deputy attorney general, the court took the matter under advisement.

In a previous decision of this court, *In Re Weisensee,* 88 S.D. 544, 224 N.W.2d 830 (1975), the complaint against the respondent therein was dismissed on a determination that a violation of the federal statute for failure to file income tax return was not a misdemeanor necessarily involving moral turpitude within purview of the disciplinary statutes. This precedent was followed in the *Matter of Walker,* 254 N.W.2d 452 (S.D. 1977). In 1978, this court undertook an extensive revision and update of the disciplinary rules. Following a hearing and notice to the State Bar, by adoption of Supreme Court Rule 78–1, effective February 28, 1978, willful failure to file income tax returns was included in the definition of a serious crime which could result in disciplinary action. This definition was codified as SDCL 16–19–36.[3]

The sole issue remaining to be determined by this court is the extent of the final discipline to be imposed. SDCL 16–19–39. The recommendation of the attorney general's office was that this court suspend the respondent from the practice of law in South Dakota for a period of three years, to run from September 13, 1982, the date of the initial order of suspension. We have examined the decisions of various courts where disciplinary proceedings involved willful failure to file income tax returns. The decisions range from reprimand to disbarment. As we have noted, under our previous decisions, such a violation was not grounds for disciplinary procedures. *Weisensee, supra; Walker, supra.* However, our 1978 rule revision, in defining lesser crimes which would merit discipline, equated willful failure to file income tax returns with fraud, misrepresentation, and interference with the administration of justice. SDCL 16–19–36. In the light of this obvious intent to equate this offense with a serious crime, and in particular light of the fact that the respondent himself spent almost three years as an employee of the Internal Revenue Service, at least part of the time closely involved with determination of the prosecution of such offense, it is the considered judgment of the members of this court that the recommendation of the attorney general for the three-year suspension be and the same is hereby adopted.[4]

also refer the matter to the board or the attorney general for the institution of a formal proceeding in which the sole issue to be determined shall be the extent of the final discipline to be imposed, provided that a disciplinary proceeding so instituted will not be brought to hearing until all appeals from the conviction are concluded.

3. SDCL 16–19–36 provides, in pertinent part: The term "serious crime" shall include any felony and any lesser crime a necessary element of which, as determined by the statutory or common law definition of such crime, involves improper conduct as an attorney, interference with the administration of justice, false swearing, misrepresentation, fraud, willful failure to file income tax returns, deceit, bribery, extortion, misappropriation, theft, or an attempt or a conspiracy or solicitation of another to commit a serious crime.

4. While the attorney general's report and recommendation made no distinction and respondent made no objection, since the offenses charged involved returns for the years 1975 to 1978 inclusive and the effective date of Rule 78–1 was February 28, 1978, for the purposes of this proceeding, we are considering only the 1977 and 1978 returns to be in violation. We

The attorney general further recommended that respondent's suspension be conditioned on his faithful performance of the conditions imposed by the United States District Court for the Northern District of Georgia, that he engage in no conduct prohibited by the Code of Professional Responsibility during the period of suspension to demonstrate his willingness to abide by the Code's obligations if and when he resumes the practice of law. We do not deem it within the purview of these proceedings to impose any such conditions. Rather, we note that under the provisions of SDCL 16–19–83,[5] before respondent can resume practice he must make application for reinstatement. Further, at the reinstatement hearing, respondent

> shall have the burden of demonstrating by clear and convincing evidence that he has the moral qualifications, competency and learning in law required for admission to practice law in this state and that his resumption of the practice of law within the state will not be detrimental to the integrity and standing of the bar or the administration of justice, or subversive of the public interest.

SDCL 16–19–84. Obviously, any such showing would include proof that he had performed the conditions imposed by the federal court and that he is not engaged in conduct prohibited by the Code of Professional Responsibility.

In accordance with the foregoing, we determine that an order shall forthwith be entered continuing the suspension of the license of respondent to practice law for a period of three years from and after the date of the previous order of suspension.

All the Justices concur.

DUNN, J., disqualified.

---

nevertheless hold the three-year sanction to be appropriate.

5. SDCL 16–19–83 provides, in pertinent part: "No attorney suspended for more than three months or disbarred may resume practice until reinstated by order of the Supreme Court."