In the Matter of the DISCIPLINE of David L. BERGREN, an Attorney at Law.

No. 16835.

Supreme Court of South Dakota.

Argued Jan. 8, 1990.

Decided May 9, 1990.

R. James Zieser, Tyndall, for Disciplinary Bd.

Brent A. Wilbur of May, Adam, Gerdes & Thompson, Pierre, for respondent.

YOUNG, Circuit Judge.

This is an original proceeding involving the discipline of David L. Bergren (Bergren) pursuant to the provisions of SDCL ch. 16–19.

Bergren graduated from the University of South Dakota School of Law and became a member of the State Bar of South Dakota in 1966. Since that time he has practiced primarily in the Fort Pierre area.

The Disciplinary Board of the State Bar of South Dakota (Board) filed findings of fact and proposed recommendations against Bergren on August 14, 1989. The Board found that Bergren provided an alcoholic beverage to a minor girl and kissed this same girl in June 1988. The Board also found that in 1984 Bergren had an on-going sexual relationship with a client, and a similar relationship with another client in 1979. The Board found that Bergren used his law office to initiate these sexual relationships on several occasions. The Board determined that both clients believed that their legal fees would be reduced or eliminated in exchange for such sexual favors. The Board found that such action violated Rule 8.4, "Misconduct," of the South Dakota Rules of Professional Conduct (SDCL 16–18, Appx. (1989 Supp.)), and violated Canon I, Disciplinary Rule 1–102(A), subsections (3), (5) and (6) of the Code of Professional Responsibility which applied at the time of Bergren's actions.* (See also E.C. 1–2 and 1–5). The Board recommended a sixty (60) day suspension. Bergren, by responsive pleading, stated that he did not contest the material factual allegations contained in the formal accusation.

While the recommendations of the Board are entitled to careful consideration, we need not give them deference. The, "ultimate decision for discipline of members of the State Bar rests with this court." Matter of Discipline of Stanton, 446 N.W.2d 33, 42 (S.D.1989). See also Matter of Discipline of Dana, 415 N.W.2d 818 (S.D. 1987).

At the hearing before this court, Bergren admitted having sex with these individuals when they were his clients. However, he denied telling them he was reducing his fees for his services in exchange for sexual favors. Bergren admitted that these clients believed that their fees would be reduced or that they would not be billed or required to make payment of fees if they gave sexual favors to him. Bergren appeared to this court to be unwilling or unable to accept responsibility for his actions and did not understand the wrongful-

* On December 15, 1987, this court, by order, approved the repeal of the Code of Professional Responsibility and its reenactment as the South Dakota Rules of Professional Conduct. The effective date of the repeal and reenactment was July 1, 1988.

ness of taking advantage of the attorney-client relationship for his own physical pleasure. *See In the Matter of Adams,* 428 N.E.2d 786, 787 (Ind.1981), ("Respondent sought to exploit the attorney-client relationship for his own personal physical pleasure. Conduct of this ilk is particularly repugnant while the client is dependent upon the attorney for guidance and assistance."). It must be remembered that:

> The purpose of disciplinary proceedings is not to punish but to remove from the profession those attorneys whose misconduct has proved them unfit to be entrusted with duties and responsibilities belonging to the office of an attorney *so that the public may be protected from further wrongdoing.* [emphasis supplied].

*Stanton,* 446 N.W.2d at 42, *quoting Matter of Discipline of Crabb,* 416 N.W.2d 258, 259 (S.D.1987).

By violating the attorney-client relationship and taking advantage of his relationship, Bergren engaged in conduct that is prejudicial to the administration of justice. Such conduct demonstrates an unfitness to practice law. *See Matter of Wood,* 265 Ind. 616, 358 N.E.2d 128 (1976). As the Rhode Island Supreme Court recently recognized when disciplining a lawyer for soliciting sexual favors in exchange for legal services, "[s]anctions are warranted that will not only protect the public but will provide a significant deterrence to the members of the bar in general." *Carter v. Kritz,* 560 A.2d 360, 361 (R.I.1989).

The Wisconsin Supreme Court succinctly stated the problem:

> the public must not be subjected to unsolicited sexual conduct by attorneys in the context of an attorney-client relationship. Frequently, the client is in some difficulty and, as a result, is particularly vulnerable to improper advances made by the attorney. The client rightfully looks upon the attorney as legal advisor, one who will act in the client's best interests. Often, a client will be reluctant to terminate representation in response to an attorney's improper conduct for fear of losing time and money already invested in the attorney's representation.

*Disciplinary Proceedings Against Gibson,* 124 Wis.2d 466, 369 N.W.2d 695, 699 (1985).

We hold that having sexual relationships with clients violates Canon I, Disciplinary Rule 1–102(A)(5) and (6) of the Code of Professional Responsibility. This Disciplinary Rule defines "misconduct" as conduct which is prejudicial to the administration of justice and conduct that adversely reflects on fitness to practice law.

Bergren's more recent conduct, providing beer to a minor and kissing this girl, further evidences a problem which must be dealt with. Providing an alcoholic beverage to a person under age 21 is a Class 2 misdemeanor. SDCL 35–9–1. When a lawyer provides alcohol to a minor, and then initiates a kiss, the offense may rise to the Class 1 misdemeanor of contributing to the delinquency of a minor, SDCL 26–9–1, an offense which involves moral turpitude. This conduct violates Canon I, Disciplinary Rule 1–102(A)(3), (5) and (6) of the Code of Professional Responsibility. Disciplinary Rule 1–102 reads, in part:

Misconduct.

(A) A lawyer shall not:

.     .     .     .     .

(3) Engage in illegal conduct involving moral turpitude.

.     .     .     .     .

(5) Engage in conduct that is prejudicial to the administration of justice [or]

(6) Engage in any other conduct that adversely reflects on his fitness to practice law.

The Board's recommendation of a sixty (60) day suspension is too lenient. Therefore, we order the following sanctions:

1. That Bergren be suspended from the practice of law for one (1) year but may apply for reinstatement under SDCL 16–19–84 not sooner than sixty (60) days after the effective date of his suspension.

2. That he be given thirty (30) days to wind up business pursuant to SDCL 16–19–77.

3. That he comply with the notice provisions of SDCL 16–19–78 to 80.

4. That Bergren shall pay for all costs of this proceeding.

5. That he engage in counseling and therapy with a therapist approved by this court for a minimum of one (1) year and that his progress in therapy be reported to this court on a quarterly basis.

6. That Bergren shall pay the costs of reinstatement proceedings under SDCL 16–19–84.

Upon application for reinstatement, it will be Bergren's burden to show to this court's satisfaction that his propensity for sexual misconduct, especially with clients, has been treated and is under control.

WUEST, C.J., MORGAN, J., and KEAN, Circuit Judge, concur.

HENDERSON, J., concurs in part and dissents in part.

YOUNG, Circuit Judge, for SABERS, J., disqualified.

KEAN, Circuit Judge, for MILLER, J., disqualified.

HENDERSON, Justice (concur in part; dissent in part).

Although I agree with the procedural history, facts and ethical conclusions of this Court, I am troubled by the ultimate sanction. In my opinion, Bergren should not be able to apply for reinstatement until one year suspension has gone by. This would give him the time to have therapy for one year as mandated by this Court. Ultimate conclusions of the therapist will not be known until after one year. Then, in my opinion, this Court would have the ultimate conclusions of the therapist to base a decision upon.