### In the Matter of the DISCIPLINE OF James D. TAYLOR, as an Attorney of Law.

#### No. 17759.

Supreme Court of South Dakota.

Argued Sept. 1, 1992.

Decided March 24, 1993.

R. James Zieser, Tyndall, for Disciplinary Bd.

Robert B. Frieberg of Frieberg, Rudolph and Peterson Beresford, for respondent James D. Taylor.

KONENKAMP, Circuit Judge.

This is an original proceeding under this Court's jurisdiction to discipline attorneys pursuant to SDCL 16–19. The Disciplinary Board of the State Bar of South Dakota investigated a single complaint against James D. Taylor (Taylor) and filed findings of fact and proposed action recommending that Taylor be publicly censured. On February 21, 1992, we appointed the Honorable James W. Anderson, Circuit Court Judge, as Referee to hear testimony and submit findings and recommendations. After a hearing, the referee also recommended that we publicly censure Taylor. In addition, he recommended that Taylor seek and successfully complete counseling with a psychotherapist for at least a period of six months and that he be responsible for all costs of these proceedings.

In June 1990 Taylor accepted a referral involving a "lemon automobile" owned by a husband and wife. For five to six months Taylor negotiated with the manufacturer, but he was not able to reach a resolution acceptable to his clients. From December 1990 to June 1991 Taylor made a series of representations to his clients leading them to believe that their case was progressing through the legal system. He told them that a summons and complaint had been filed; a default judgment had been entered; the default judgment would be executed in South Dakota; the default judgment had been transferred to another state for execution; the authorities in the other state were ready to execute on the default judgment; and liquid assets had been seized pursuant to the default judgment. All of this was untrue. Taylor also unreasonably failed to return his clients' telephone calls several times. Finally, on June 26, 1991, Taylor gave his clients a letter admitting he had not been truthful with them about the progress of the case. Taylor offered to continue representing them without a fee and promised he would diligently pursue the action after that. The clients declined his offer and hired a new attorney. They obtained a settlement from the auto manufacturer and commenced suit against Taylor for damages. The suit is still pending.

The referee found that Taylor had not charged his clients any fees and thus there was no evidence that his misconduct was motivated by personal or monetary gain. He also concluded that none of Taylor's other clients had been treated similarly. The referee determined that a factor in Taylor's unprofessional conduct was a combination of a mental condition known as dysthymia and a series of personal and professional stresses. Dysthymia is a mood disorder, not a thought disorder.

Taylor's mental health therapist testified that this condition is characterized by impaired functioning, difficulty making decisions, lack of energy and depression, but continued counseling offered a positive prognosis. In the therapist's opinion, apparently accepted by the referee, it was highly unlikely that Taylor would have a similar recurrence of this incident now that he was aware of his diagnosis and amenable to treatment.

Taylor violated the following South Dakota Rules of Professional Conduct:

Rule 1.3 DILIGENCE. A lawyer shall act with reasonable diligence and promptness in representing a client.

Rule 1.4(a) COMMUNICATION. A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

Rule 8.4 MISCONDUCT. It is professional misconduct for a lawyer to: (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation....

We have held that a mental or emotional disturbance in the form of the disease of alcoholism will neither constitute a defense nor an extenuating circumstance to lawyer misconduct. *Matter of Walker*, 254 N.W.2d 452 (S.D.1977); *In re Rude*, 88 S.D. 416, 221 N.W.2d 43 (1974); *In re Webb*, 37 S.D. 509, 159 N.W. 107 (1916).

[I]t should be made clear to all that our disposition in this case does not signal the advent of a new defense in disciplinary proceedings. We do not hold that alcoholism as a causative factor in misconduct will shield the perpetrator from the consequences of his actions. The respondent did not receive the consideration that we have given him because he is an admitted alcoholic but rather because he is, in our view, a bona fide recovered or arrested alcoholic who has for the past two and one-half years demonstrated his fitness to continue in the practice of law.

*Matter of Walker, supra* at 457.

In all disciplinary actions the vital issue is whether the accused is fit to continue in the practice of law.

The purpose of disciplinary proceedings is not to punish but to remove from the profession those attorneys whose misconduct has proved them unfit to be entrusted with duties and responsibilities belonging to the office of an attorney so that the public may be protected from further wrongdoing.

*In re Discipline of Weisensee*, 88 S.D. 544, 546, 224 N.W.2d 830, 831 (1975), citing *In re Rude, supra*. We are satisfied that with therapy as needed Taylor's dysthymic condition will not impair his law practice. He has gained an understanding of his problem and has dealt with it constructively.

Although Taylor's misrepresentations to his clients were inexcusable, his performance as an attorney has always been highly professional except for this case. The referee found that Taylor has been active in civic and charitable organizations in his community for the ten years he practiced law there. We are also impressed by the fact that Taylor confessed his wrongdoing to his clients, although belatedly, fully cooperated with the Disciplinary Board, and expressed a contrite heart and a willingness to take whatever measures are necessary to ensure that an incident such as this will not happen again. *Cf. In re Discipline of Stanton*, 446 N.W.2d 33 (S.D. 1989); *In re Rude, supra*. He is covered by professional liability insurance so that any loss proven by the clients to have occurred will be covered.

We conclude after considering all the evidence, that although he deserves censure, Taylor is a fit and proper person to be permitted to continue to practice law. Accordingly, pursuant to SDCL 16–19–35(4) a judgment of public censure will be entered against Taylor. Additionally, we will require that he continue his mental health therapy for so long as deemed necessary by his counselor and that he sign a release so that the Disciplinary Board can monitor his cooperation with treatment. Taylor will be responsible to reimburse the Unified Judicial System and the South Dakota State Bar Association for all reasonable

costs and expenses generated as a result of this proceeding.

MILLER, C.J., and HENDERSON, SABERS and AMUNDSON, JJ., concur.

KONENKAMP, Circuit Judge, for WUEST, J., disqualified.