In the Matter of the DISCIPLINE
of John B. Wehde, As An
Attorney at Law.

No. 18076.

Supreme Court of South Dakota.

Argued March 24, 1994.

Decided June 1, 1994.

R. James Zieser, Tyndall, for Disciplinary Bd.

John B. Wehde, pro se.

FITZGERALD, Circuit Judge.

In this original proceeding, a disciplinary action against attorney John B. Wehde (Wehde) pursuant to SDCL 16–19, the Disciplinary Board of the State of South Dakota filed an amended formal accusation charging Wehde, respondent, with a number of acts constituting unprofessional conduct. Pursuant to SDCL 16–19–68 we appointed the Honorable Timothy R. Johns, circuit court judge, as referee to take testimony and make findings and recommendations. After a hearing, the Referee accepted proposed findings of fact, conclusions of law, and recommendations from R. James Zieser (Zieser), on behalf of the Disciplinary Board, and Wehde. The Disciplinary Board recommended disbarment. The Referee recommended that Wehde be suspended from the practice of law for an indefinite period of time, with the suspension held in abeyance upon his service of a period of probation and meeting various proposed terms and conditions.

## FACTS

Wehde graduated from the University of South Dakota School of Law in 1957 and was admitted to practice in that same year. Wehde began his legal career in private practice in Mitchell, South Dakota before going to the Attorney General's office in 1959. Wehde remained at the Attorney General's office for approximately eleven (11) years,

where he headed the four-man highway legal division. In 1970 Wehde left the Attorney General's office and practiced law in a partnership in Huron, South Dakota. Since January 1, 1990 the partnership has been dissolved and Wehde has been a sole practitioner.

The referee concluded that Wehde had breached numerous ethical tenets embodied in South Dakota Rules of Professional Conduct (SDRPC). Specifically, Wehde failed to act competently in violation of SDRPC 1.1; failed to act with due diligence in violation of SDRPC 1.3; failed to communicate with his client and failed to keep his client reasonably informed in violation of SDRPC 1.4; failed to make reasonable efforts to expedite litigation, consistent with the interests of his client in violation of SDRPC 3.2; committed acts which reflected adversely on his honesty, trustworthiness, or fitness as a lawyer, and engaged in conduct prejudicial to the administration of justice in violation of SDRPC 8.4(b) and (d); failed to timely file and pay sales tax and failed to preserve the identity of funds and the property of clients in violation of SDRPC 1.15; failed to represent his client competently in violation of the South Dakota Code of Professional Responsibility Canon 6 and Disciplinary Rule 6–101(A)(3); [1] and failed to promptly and appropriately respond to a complaint or letter forwarded by a member of the Disciplinary Board in violation of SDCL 16–19–54. The Referee's findings constitute acts of misconduct by Wehde and are grounds for discipline pursuant to SDCL 16–19–32 and 16–19–35.

The gist of the complaints against Wehde have a common thread woven among them: extremely poor case management. After years of exemplary service, without a single complaint, there came a point in time when Wehde became unable, or simply refused, to properly execute his professional responsibilities in conjunction with the acceptance and resolution of various cases. The Referee appropriately summed up the nature of Wehde's problems when he said, "[r]espondent had apparently developed a habit of either not properly calendaring matters and/or failing to pay heed to his calendar, all

as exemplified by the fact that he failed to appear timely for his hearing before this referee." Finding of Fact No. XXIV. These professional transgressions are evident by the fact that in at least six cases Wehde failed to timely appear for scheduled hearings, and in at least one juvenile case may have failed to appear at all. On numerous occasions Wehde failed to pick up certified mail from the post office, failed to timely respond to the Disciplinary Board and failed to supply information required by the trial court in a timely fashion. Wehde failed to timely open and respond to mail, keep regular business hours and return phone calls and communicate with and keep a client reasonably informed of the case's progress. Finally, Wehde pled guilty to a Class 1 Misdemeanor, for failure to timely file a sales tax return, and may not have properly executed a client's wishes in regard to a default judgment matter.

## DECISION

 The Court gives careful consideration to the findings of the Referee, as he has had the advantage of seeing and hearing the witnesses, but those findings are not binding upon the Court if they are unsupported by the record. *Matter of Discipline of Jeffries,* 500 N.W.2d 220, 225 (S.D.1993). The final determination for the appropriate discipline of a member of the State Bar rests firmly with the wisdom of this Court. *Matter of Discipline of Stanton,* 446 N.W.2d 33, 42 (S.D.1989). In disciplinary proceedings, the Court's paramount concern is the protection of the public from fraudulent, unethical or incompetent practices by attorneys. *Matter of Discipline of Kallenberger,* 493 N.W.2d 709, 711 (S.D.1992). Only by providing high quality lawyering can the integrity of the legal profession remain inveterate and the confidence of the public in the Bar remain strong. The " 'purpose of disciplinary proceedings is not to punish but to remove from the profession those attorneys whose misconduct has proven them unfit to be entrusted with duties and responsibilities belonging to the office of an attorney so that the public may be protected from further wrongdo-

---

1. The referee found that the violation took place prior to July 1, 1988, thereby preceding the repeal of the Code of Professional Responsibility and its reenactment as the South Dakota Rules of Professional Conduct.

ing.'" *Matter of Discipline of Crabb,* 416 N.W.2d 258, 259 (S.D.1987).

■ In making our determination of the appropriate discipline for the conduct in question, we must remember that "each case [is] ... decided upon its own particular set of facts," properly balancing the aggravating and mitigating circumstances. *Matter of Discipline of Jeffries,* 500 N.W.2d at 225–226 (citing *In re Discipline of Voorhees,* 294 N.W.2d 646, 649 (S.D.1980) (Henderson, J., dissenting)), *In re Discipline of Simpson,* 467 N.W.2d 921, 923–24 (S.D.1991) (Henderson, J., specially concurring).

■ We note at the outset that Wehde has, to his credit, practiced law in excess of three decades without any indication of a problem. Then, at some point in time, inexplicable even to Zieser, Board counsel, Wehde ceased to professionally execute his duties as he had done for over thirty years. Admittedly, by both sides, there is no drug or alcohol abuse at issue. Zieser has diligently canvassed individuals familiar with Wehde, and confirmed Wehde's assertions, in addition to the results of chemical testing. Wehde has admitted the wrongfulness of his acts, and shown remorse therefore. Additionally, he did not offer a plethora of excuses to this Court, but rather simply noted two tragedies in personal life, to-wit: his only sister dying of cancer after an extended illness and his lady companion of fifteen years developing multiple sclerosis, cancer, and other complications which necessitated his compassionate bedside companionship for months, until she passed away.[2]

While Wehde's unprofessional conduct is inexcusable, as previously noted, his performance as an attorney has always been highly professional until this action. The Court empathizes with the deaths and personal tragedies in this instance, and acknowledges them not as an excuse or justification for unprofessional conduct, but as a factor for its consideration, just as the Court gives consideration to the years of exemplary service that inexplicably, even to Board counsel, precipitously ended with the above-delineated acts.

Therefore, it is the order of this Court that Wehde be suspended from the practice of law for two years, effective immediately. Before Wehde may apply for readmission to the Bar he must take, and pass, the Multistate Professional Responsibility Examination, successfully complete a law office management course, have a complete psychological evaluation and submit the results to the Board, and reimburse the Unified Judicial System and the State Bar of South Dakota for all reasonable costs and expenses generated as a result of this proceeding. Additionally, upon application for readmission to the Bar, Wehde must successfully demonstrate, to the satisfaction of the Board, that he is able and willing to execute his professional responsibilities with the highest punctilio. Upon readmission, Wehde must agree to file monthly reports with the Board on the status of all open files for a period of two years. Failure to meet the suspension conditions will result in permanent disbarment.

Wehde has served the legal profession well, and could do so again. His professional life is redeemable. *Matter of Discipline of Stanton,* 446 N.W.2d at 43 (Henderson, J., dissenting). Justice without reasoned compassion is merely penal servitude, and is patently contrary to the avowed purpose of disciplinary proceedings. These conditions ensure that the public will never again be harmed by unprofessional conduct, while sufficiently protecting the integrity of the legal profession; if the requisites are not met, the past will take its due.

MILLER, C.J., HENDERSON and SABERS, JJ., and MEIERHENRY, Circuit Judge, concur.

FITZGERALD, Circuit Judge, for AMUNDSON, J., disqualified.

MEIERHENRY, Circuit Judge, for WUEST, J., disqualified.

---

2. *Cf. In the Matter of Discipline of Stanton,* 446 N.W.2d at 43 where we noted "respondent's utter incomprehension that he has done anything wrong" as a factor in determining the proper discipline.